HALSEY *vs.* VAN AMRINGE and wife.

The papers which are to be furnished for the chancellor upon the hearing of an appeal from the sentence or decree of a surrogate are a copy of the surrogate's return, including the transcript of the appeal as entered in the court below, and copies of the petition of appeal and answer to the same filed in the appellate court, together with the points of the respective parties upon the appeal.

If the surrogate's return does not contain all the proceedings before him which either of the parties deem requisite for a correct understanding of the questions arising upon the appeal, the proper course for such party is to apply to the chancellor, before the hearing of the cause, for an order for a further return.

The surrogate upon the settlement of the accounts of executors or administrators before him is bound to allow them their legal commissions for receiving and paying out monies of the estate; and the amount of the estate of the decedent in their hands, which they are to account for and pay over to the creditors or distributees, is the balance which remains after deducting such commissions.

The surrogate is not authorized to decree the payment of costs out of the estate of the decedent in the hands of his personal representatives, to the exclusion of their commissions for receiving and paying out monies, if the amount in their hands is not sufficient to pay both. But if it is a proper case to charge them with the costs of the adverse party upon the proceedings before the surrogate, there should be a decree against them directly and personally for the payment of such costs.

Upon the settlement of the accounts of executors or administrators before a surrogate, he is not authorized to make an arbitrary allowance for services and counsel fees to be paid by one party to the other, or to be paid out of the estate, without reference to the taxable costs allowed for similar services in other courts. But in the taxation of the costs of the proctors and advocates, upon the settlement of such accounts before the surrogate, the taxable charges must not exceed those which are allowed by law to solicitors and counsellors in the court of chancery, in similar cases.

THIS was an appeal from a sentence or decree of the surrogate of the city and county of New-York, upon the final settlement of the account of the appellant, as the administrator of the estate of George Youle, deceased. By the petition of appeal and answer thereto, and the return of the surrogate, it appeared that auditors were appointed to examine and report upon the accounts of the administrator, and that certain exceptions were taken by the appellant to their report; that, on the 17th of June, 1833, the surrogate

made a decretal order confirming the report of the auditors, and disposing of the question as to their fees and expenses; that such order also contained various directions for the continuance of the account down to the final decree, by an accountant, under the superintendance of the surrogate, and at the expense of the estate; and that, among other things, it was adjudged and decreed that in the statement of the account, the administrator should be allowed his legal commissions upon monies received and paid out by him on account of the estate. In pursuance of the directions contained in that order, the account was continued down to the time of the final decree; from which it appeared that there was a balance in the hands of the administrator of $1120,30, excluding from the account any allowance to him for commissions, and that such commissions amounted to $861,14. The costs and counsel fees of the proctor and advocates of the administrator were then taxed and allowed by the surrogate, to the amount of $868,45, and of the proctor and advocates of the next of kin, to the amount of $797,92; and the fees of the surrogate were $42,90. The surrogate thereupon made a final decree, bearing date on the 26th of October, 1833, reciting the balance thus found due, and the amount of commissions due to the administrator, and of the costs and counsel fees, &c.; and by such decree he ordered, adjudged, and decreed that the surrogate's fees should be first paid out of the sum of $1120,30 in the hands of the administrator, and that the balance of that sum should be rateably divided among the parties according to the amount of their costs and counsel fees as thus taxed and allowed, and should be paid by the administrator accordingly; and that the payment of the administrator's commissions should be postponed to the payment of such costs and counsel fees.

The administrator appealed to the chancellor, from so much of the final decree of the surrogate as declared that there was a balance of $1120,30 in the hands of the defendant, for which he was personally liable; and from so much thereof, as adjudged, that, after the payment of the surrogate's fees, the remainder of the $1120,30 should be ratea-

bly divided according to the amount of costs as taxed, and that the allowance of commissions to the administrator should be postponed to the payment of the costs and counsel fees.

Previous to the argument of the cause before the chancellor, a question arose as to what papers were necessary and proper to be furnished for the use of the court, upon the hearing of the appeal. The chancellor, thereupon, decided that a copy of the surrogate's return, including a transcript of the appeal as entered in the court below, and copies of the petition of appeal and the answer thereto which were filed in the appellate court, together with the points of the respective parties upon the appeal, were all the papers which it was necessary to furnish for the use of the court, upon the hearing ; and that if the surrogate's return did not contain all the proceedings before him, which either party might deem to be requisite and necessary for a correct understanding of the questions arising upon the appeal, the proper course for such party was to apply to the chancellor, before the hearing, for an order for a further return of such proceedings. The cause was then heard upon the merits of the appeal, upon the papers which were furnished by the appellant's solicitor, under that decision of the court.

*C. Graham*, for the appellant. The surrogate's decree, or decretal order, of the 17th June, 1833, upon and for the final settlement of the administrator's accounts, not having been excepted to or appealed from by either party within three months from the time of the recording thereof, it became final and conclusive between all the parties thereto. (2 *R. S.* 95, § 67.) And the appellant, the administrator, in virtue of that decree, as well as of the provisions of the statute, (2 *R. S.* 93, § 58,) was entitled to the commissions allowed by law to executors and administrators, for their services over and above their expenses ; and became, by the same decree, entitled to the remaining half of the auditor's fees and room hire, not charged to the administrator, personally, by that decree, and to all his expenses, including costs, counsel fees, clerk hire, and other charges at-

tending the proceedings before the surrogate, and the auditors; which, by that decree, were adjudged to be a legal and proper charge against the estate of Youle, in the hands of the administrator, and which the surrogate, by the decree, directed to be allowed to him on the settlement of his accounts. The surrogate's decree, of 26th October, 1833, is, therefore, in derogation of and in violation of his previous decree of the 17th June, 1833, so far as respected the appellant, as it deprives him of rights which he had acquired under such previous decree. And the decree of the 26th October, 1833, was, so far as it deprived or divested the appellant of his commissions as allowed by law for his services as administrator, or postponed the payment thereof until the payment of the costs, counsel fees and charges of the next of kin, out of a fund admitted to be insufficient to pay both, and also so far as the decree put the costs, counsel fees and charges of the next of kin upon an equality with the actual and necessary expenses of the appellant, was not only in violation of the previous decree of the 17th June, 1833, but was contrary to the enactments of the revised statutes.

The respondents not having excepted to or appealed from either of the surrogate's decrees, they are to be confined, upon this argument, to the appeal made by the administrator. The decree of 26th October, 1833, should, therefore, as to matters appealed from, be reversed with costs, and the surrogate should be directed to execute the decree of the 17th June.

*P. A. Cowdrey,* for the respondents. The surrogate has power in all cases of contest before him, to award costs to the party in the judgment of the court entitled thereto, to be paid either by the other party personally, or out of the estate which shall be the subject of such controversy. (2 R. S. 223, § 10.) By the surrogate's decree, dated June 17, 1833, he ordered that the costs and the commissions be both paid out of the assets in the hands of the administrators, it being then uncertain what the fund would amount to, but supposed sufficient for the payment of the whole costs and commissions. By the decree, upon the equity

reserved, dated October 26, 1833, the payment of the com- missions was postponed to the payment of the costs, it be- ing then ascertained that there was not sufficient assets to pay both.

The administrator has his remedy over against the real estate of the decedent, and against the funds still in his own hands. The decision of the surrogate on the question of costs was therefore a just and discreet exercise of his dis- cretion ; the administrator having been guilty of gross mis- conduct in the administration of the intestate's estate.

THE CHANCELLOR. The surrogate unquestionably erred, in this case, in deciding that the balance of the estate in the hands of the administrator was $1120,30, for which he was personally liable. The decretal order of the 17th of June, expressly declared and directed, that, in the statement of the accounts, the administrator was to be allowed his legal commissions ; and in the absence of every thing in this case to show the contrary, I must presume that the direction in that decretal order was correct, whether such order was or was not final and conclusive, between the parties. Inde- pendent of that order, however, the administrator was ab- solutely entitled to the allowance of his commissions, under the provisions of the revised statutes ; and the surrogate had no discretionary power to withhold them, or to state a balance against the administrator excluding his legal com- missions. It is not necessary now to inquire whether the court of chancery, upon a bill filed against an executor or administrator, has the right to disallow commissions where there has been a fraudulent mismanagement of the estate. The surrogate takes no power by implication ; and the direc- tion of the statute is positive that upon the settlement of the account of executors and administrators in a proceeding be- fore him, the surrogate shall allow them certain specified commissions, for their services, over and above their ex- penses ; except in those cases where a specific compensa- tion for such services is allowed by the will of the dece- dent. (2 R. S. 93.) The appellant, therefore, had the same right to be credited his legal commissions for receiving and

paying out the monies of the estate, as he had to be credited for monies paid by him for debts and funeral expenses. And the balance of the $1120,30, after deducting therefrom the allowance for commissions, was the amount of the estate remaining in the hands of the administrator, for which he is personally liable. The sentence or decree of the surrogate must, therefore, be modified accordingly.

The surrogate had a discretionary power to award costs to the next of kin, to be paid out of the estate, or to be paid by the administrator personally if his conduct had been such, in the opinion of the surrogate, as to make it proper that the costs should be personally charged upon him. But he could not award costs to be paid out of the estate of the intestate, if there was not sufficient remaining in the hands of the administrator to pay such costs, after crediting him with his legal commissions and disbursements in the discharge of his trust. If this was a case in which it was proper that the costs of the next of kin should be charged upon the estate or upon the administrator personally, to the exclusion of the claim of the administrator for costs, the decree should not have directed the costs of the administrator to be paid out of the fund, but should have directed the costs of the next of kin to be paid out of the estate in the hands of the administrator, after crediting his commissions, and should have directed the balance of such costs to be paid by the administrator personally. I have not, however, any thing before me on this appeal which can enable me to determine whether the administrator should be charged with, or allowed costs, upon the proceedings before the surrogate and the auditors. From the examination of the decree appealed from, however, I am satisfied that the costs which have been taxed and allowed in this case, so far at least as counsel fees are included therein, are not such costs as the surrogate had any right to award to one party against the other, or to direct to be paid out of the estate of the decedent, under the provision of the revised statutes on this subject. (2 R. S. 223, § 10.)

In the ecclesiastical courts of England, costs are allowed in testamentary causes, to one party or the other, in the

discretion of the court, as in the court of chancery ; and a regular tariff of fees for the proctors and advocates, and other officers of the court, is settled or sanctioned by the court from time to time. (*See* 2 *Burns' Eccl. Law,* 8 *ed.* 267.) In this state, however, previous to the revised statutes, it had been settled by a decision of the court of probates, that no costs were recoverable in such cases. In the case of *Davis* v. *Gardner,* before the judge of probates, on the 27th of March, 1813, it appears that an administrator was directed to pay into court the balance of the estate of the decedent in his hands, with costs. But the question of costs does not appear to have been discussed in that case ; and the direction to pay costs appears to be contrary to the settled practice of that court, appearing upon its records. In the case of *Connell's estate,* 26th October, 1818, the question was examined and settled upon due consideration. The appeal in that case was dismissed with costs, but upon a rehearing the decree was amended by striking out that part which related to the costs ; the reason of which alteration is thus stated in the record : "Inasmuch as from investigation this court is satisfied that costs cannot be allowed here." In the recent revision, the legislature have changed the rule of law in this respect, and have restored that which existed in the ecclesiastical courts of England at the time of the first settlement of this state. Although no fee bill was expressly adopted, by statute, for the advocates and proctors in the surrogates' courts, it was not the intention of the legislature to leave it to the several surrogates to make an arbitrary allowance for services and counsel fees, in each particular case, to be paid by one party to another, or out of the estate which is the subject of controversy, and without reference to the taxable costs allowed for similar services in other courts. In the taxation of the costs and counsel fees of the proctors and advocates upon the settlement of the account of an executor or administrator before the surrogate, the taxable charges therefor cannot exceed those which are allowed by law to solicitors and counsellors in this court, in similar cases.(a) The fees of the

(a) See act of May, 1837, § 70, as to fees in surrogates' courts.

surrogate are fixed by the statute ; and the auditors' fees are so limited by law that they cannot exceed $2 per day to each auditor, and are to be paid out of the estate of the decedent. (2 R. S. 94.) The allowances to the proctors and advocates upon the hearing before the auditors, should be the same that are established by law, and the practice of this court, upon reference to a master to take an account in a similar case.

The decree of the surrogate must therefore be reversed, but without costs to either party, on the appeal. And the proceedings are to be remitted to the surrogate with directions to tax the costs of the proctors and advocates of the respective parties upon the principles before stated, and to enter a final decree declaring that the amount of the estate of the decedent in the hands of the administrator, and for which he is personally liable, to be $269,16, with the interest thereon from the 26th October, 1833, and directing the surrogate's fees, as liquidated by the former decree, together with his fees for entering the final decree upon the remittitur, to be paid out of the estate in the hands of the administrator, and that the residue of the fund be applied rateably for the payment of the costs of the respective parties, as the same shall be taxed and allowed by the surrogate.