THOMAS B. HOWELL, EXECUTOR, ETC., OF HUNTING M. HOWELL, DECEASED, APPELLANT, *v.* ORLANDO HOWELL AND OTHERS, RESPONDENTS.

*Practice — proceedings in Surrogate's Court — the Supreme Court can only review them upon appeal — it cannot grant a new trial therein, for newly discovered evidence.*

A decree was entered in a Surrogate's Court settling the accounts of the plaintiff, as executor, and requiring him to distribute a specified sum of money among certain legatees. An appeal was taken therefrom to the General Term of the Supreme Court and to the Court of Appeals where the decree was affirmed. Subsequently the appellant moved at a Special Term of the Supreme Court, for a new trial, upon the ground of newly discovered evidence.

*Held,* that the court properly denied the motion upon the ground that it had no jurisdiction to entertain the same.

APPEAL from an order of the Oneida Special Term, denying appellant's motion for a new trial, on the ground of newly discovered evidence.

Proceedings were instituted in the Surrogate's Court for the county of Oswego, to compel the appellant, as executor, to render an account, which resulted in a decree requiring him to distribute a

specific sum of money among the legatees of the testator. On such accounting his account was surcharged with an item which, together with the interest thereon, amounted to the sum of $2,800. The executor complains of so much of the decree as charges him with this sum. In June, 1880, the decree was in all things affirmed at the General Term of the Supreme Court. From the judgment of affirmance entered in this court an appeal was taken to the Court of Appeals which the appellant deserted, and in February, 1881, the same was dismissed. Afterwards and in June, 1880, this motion was made.

*J. B. Decker*, for the appellant.

*D. P. Lester*, for the respondents.

BARKER, J. :

The Special Term in denying the motion for a new trial, placed the same upon the ground that this court is without jurisdiction to entertain the same.

We fully concur in the opinion of the learned judge who presided on the hearing. The Surrogate's Court, where the proceedings originated, has original jurisdiction over the matter involved in this controversy, to take proofs on the questions of fact in contention between the suitors, to make final orders and decrees concerning the matter in dispute subject to the appellate jurisdiction of this court. The right of appeal is given to aggrieved parties and the order or decree of the surrogate may be reviewed in this court. The jurisdiction conferred by statute upon the Supreme Court in such matters, is strictly appellate and the appeal must be heard upon the same evidence upon which the court below founded the decree. This court does not proceed *de novo*.

The statute regulating this subject provides that appeals may be taken from the order, decree and sentences of Surrogate's Court, in all cases to the Supreme Court, except appeals from orders containing an admeasurement of dower. (2 R. S., 610, § 104, as modified by chap. 280, Laws of 1847.)

In another section provision is made for giving security on such appeal, and it also declares that no such appeal shall be effectual without the giving of the security required. Then follows a provision that every such appeal when perfected, shall suspend all

proceedings on the order appealed from, until such appeal be determined or until the court unto which the appeal shall have been made shall authorize proceedings thereon. (See sec. 109.)

These are all the provisions contained in the statute as to the power, jurisdiction and mode of procedure in this court on an appeal from an order or decree involving the question now presented. Special provision is made concerning appeals from decrees admitting or rejecting the probate of a will. Prior to the Revised Statutes, the Court of Chancery proceeded on appeals from the decree of surrogates, according to the course of the civil law and might hear new testimony and call to its aid the verdict of a jury upon disputed questions of fact, but since the revision of the laws upon this subject as contained in the Revised Statutes, the right to proceed *de novo* does not exist.

In *Devin* v. *Patchin* (26 N. Y., 441), which was an appeal from the decree of a surrogate denying letters of administration to the petitioner therefor, it was distinctly held, that the decree must be reviewed upon the proofs which were before the surrogate, and that this court had no power to receive further evidence.

This case has not been disturbed and has been followed in subsequent cases as a correct exposition of the statute. (See *Doty* v. *Wilson*, 47 N. Y., 580–585 ; *Johnson* v. *Hicks*, 1 Lans., 157.)

In disposing of the appeal, this court may affirm, reverse or modify the decree appealed from, as justice requires. If a reversal of the decree or a modification of the same be ordered, then the practice is to remit the proceedings to the court below with instructions to the surrogate to enter a final decree upon the principles settled by the appellate court, or to take such further proceedings as may be necessary. (*Gardner* v. *Gardner*, 7 Paige, 112 ; *Halsey* v. *Van Amringe*, 6 Paige, 12 ; 4 Wait's Prac., 365.)

Upon the affirmance of the decree of a surrogate directing the payment of a balance found due from the appellant, the respondent may have the decree of affirmance enrolled and may take execution thereon in the appellate court. Such was the practice in *Shultz* v. *Pulver* (3 Paige, 182) ; *Kellett* v. *Rathbun* (4 Paige, 102).

As this court has only jurisdiction to reverse the judgments of the court below for error found in the record brought here on appeal, and cannot try and determine questions of fact anew, the

order of the Special Term should be affirmed for the reasons assigned by that court.

Present — HARDIN, P. J., BARKER and DWIGHT, JJ.

Order affirmed, with ten dollars costs and disbursements.